# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| RS LEGACY CORPORATION, et al., ) | Case No. 15-10197 (BLS) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| ) | |
| PETER KRAVITZ, AS LIQUIDATING ) | |
| TRUSTEE OF THE RSH ) | |
| LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary No. 15-51589 |
| v. ) | |
| ) | |
| FORMFORMFORM LIMITED dba ) | Docket Ref. No. 27 |
| SUGRU, ) | |
| ) | |
| Defendant. ) | |

## OPINION

Before the Court is the Motion of Peter Kravitz as Liquidating Trustee of the RSH Liquidating Trust (the "Plaintiff") for Leave to File Second Amended Complaint to Reflect the Proper Defendant's Name (the "Motion"). [Docket No. 27]. The Motion is opposed by FormFormForm Limited dba Sugru (the "Defendant" or "Form"). For the reasons set forth below, the Court will grant the Motion and permit the amendment under Federal Rule of Bankruptcy Procedure 7015.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§

1408 and 1409. Consideration of this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).

## BACKGROUND

Prior to bankruptcy, RS Legacy Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") operated a large retail enterprise under the name "RadioShack" for nearly a century. On February 5, 2015 (the "Petition Date") the Debtors filed voluntary petitions for relief in this Court under chapter 11 of the Bankruptcy Code. The Court entered an order confirming the Debtor's plan of reorganization (the "Plan") on October 2, 2015. Pursuant to the Plan, Peter Kravitz was appointed as liquidating trustee of the RSH Liquidating Trust.

On August 27, 2015, Plaintiff sent a demand letter to Sugru, Inc. ("Sugru") demanding recovery of a transfer in the amount of $190,560 made during the preference period. Sugru's attorney confirmed receipt of the letter but did not pay the amounts demanded. Accordingly, on October 29, 2015, Plaintiff commenced this adversary proceeding (the "Adversary Proceeding") against Sugru by filing a complaint (the "Original Complaint") seeking to avoid and recover a preferential transfer.

Plaintiff hired an international process server to serve the Original Complaint upon Sugru in England. On February 28, 2016, the international process server informed Plaintiff that effectuating service of process was unlikely because service of legal process in England must be done at the registered office of the business entity, and Sugru was not a registered business entity in England.

Plaintiff reviewed Sugru's website, which displayed Sugru's full name as "FormFormForm Limited." The website also showed that Form's address was similar to

2

Sugru's.[1] On February 25, 2016, Plaintiff filed an amended complaint (the "Amended Complaint") against Form with Sugru as a "dba." The Amended Complaint was served upon Form on January 3, 2017.

Two months later, Plaintiff's counsel received a letter from Form's attorney, who is also Sugru's attorney, informing Plaintiff that Form never received any payment or transfer from the Debtors. Plaintiff thereafter determined that Form was improperly named as the defendant in the Amended Complaint and that Sugru was in fact the proper defendant. Thus, Plaintiff now seeks relief to amend the Amended Complaint in order to name the correct defendant, Sugru, and to remove the opposing Defendant, Form, from the Adversary Proceeding.

## LEGAL STANDARD

By employing Rule 15 of the Federal Rules of Civil Procedure ("Rule 15"),[2] Plaintiff seeks to relate back the amendment of the Amended Complaint to avoid the expiration of the statute of limitations. Under Rule 15, an amendment may relate back to the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[1] The address reflected in the Debtors' records is Units 1&2, 47-49 Tudor Road, London, England E9 7SN, United Kingdom. The address reflected on the Sugru website is Unit 2, 47-49 Tudor Road, London E9 7SN, United Kingdom.

[2] Bankruptcy Rule 7015 incorporates Fed. R. Civ. P. 15.

3

>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)-(C). Courts construing Rule 15 have held that amendments should be liberally permitted. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.* at 487. When analyzing a request to amend, courts typically find an amendment permissible unless "there is undue delay, bad faith, a dilatory motive, prejudice, or futility." *Glob. Link Liquidating Trust v. Avantel, S.A.(In re Glob. Link Telecom Corp.)*, 327 B.R. 711, 718 (Bankr. D. Del. 2005). The movant bears the burden of proof on whether the requirements of Rule 15(c) have been met. *Markhorst v. Ridgid, Inc.*, 480 F. Supp. 2d 813, 815 (E.D. Pa. 2007).

## DISCUSSION

**A.     The Parties' Positions**

Defendant argues that the amendment cannot relate back because Sugru did not know, nor should it have known, that Plaintiff would have filed the action against Sugru but for a mistake in identity. The Defendant bases its opposition to the Motion on several distinct grounds. First, Defendant contends that Plaintiff possessed information that clearly identified Sugru as the proper defendant. Second, Plaintiff's conduct after the filing of the Original Complaint and particularly the fourteen-month delay constitutes "undue delay."[3]

---

[3] The Court observes that Defendant does not allege that it is materially prejudiced by delay or unfairly prejudiced if amendment is permitted.

Sugru asserts that Plaintiff had all the information it needed to identify Sugru as the entity with whom it did business and to whom it made a payment. Specifically, Plaintiff possessed documents[4] that listed Sugru as the appropriate business entity. Moreover, Defendant maintains that Plaintiff could have searched the Delaware Secretary of State website to discover Sugru's correct identity, because that website lists Sugru as a domestic corporation. Defendant alleges the information Plaintiff possessed at the time of the commencement of this Adversary Proceeding is relevant because it directly impacted Sugru's understanding of whether Plaintiff made a mistake regarding the proper party's identity.

In addition, Plaintiff's post-filing conduct is alleged to demonstrate "undue delay." Plaintiff filed the Original Complaint on October 29, 2015 and named Sugru as the defendant. [Docket No. 1]. On February 25, 2016, Plaintiff filed its Amended Complaint naming a new defendant – Form. [Docket No. 15]. Then, on January 3, 2017, one month before expiry of the statute of limitations, the Plaintiff served the Amended Complaint upon Form. Over this fourteen-month period, Plaintiff never notified Sugru about its confusion between Sugru's and Form's identities. Defendant argues Plaintiff had ample opportunity to correct any errors within the statute of limitations: failure to correct these errors during this timeframe convinced Sugru that Plaintiff made a deliberate choice to sue Form rather than Sugru. Because Sugru purportedly did not know, nor should have known, that Plaintiff would have filed the action against it but for

---

[4] These documents include a vendor agreement, invoices, a check, and a letter from Sugru's attorney.

5

a mistake in identity, Defendant argues the Plaintiff's proposed amendments fail to meet the relation-back requirements.

Plaintiff responds that it should be granted leave to file the Second Amended Complaint. Sugru knew prior to the inception of this Adversary Proceeding that it was the proper party to this action given that it received counsel's demand letter. Also, the amendment shows no evidence of undue delay, bad faith, dilatory motive, prejudice, or futility.

Plaintiff notes that the appropriate inquiry under Rule 15(c)(1)(C)(ii) is whether the defendant, not the plaintiff, knew or should have known that it would have been named as a defendant but for an error. *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538, 548 (2010). As set forth above, Sugru's counsel responded to Plaintiff's demand letter and Sugru's name was listed in the caption of the Original Complaint. Moreover, Sugru was named as Form's "dba" in the Amended Complaint. Plaintiff contests that the foregoing is sufficient to meet the requirement that Sugru knew or should have known the Adversary Proceeding would have been brought against it but for the mistake concerning its proper identity. Therefore, Plaintiff maintains that Rule 15(c)(1)(C)(ii) has been met.

Plaintiff argues there is no evidence suggesting any undue delay, bad faith, or dilatory motive that would warrant a denial of the Motion. After filing the Original Complaint, Plaintiff promptly engaged an international process server to serve the Original Complaint on Sugru, the originally named defendant, at an England address listed in the Debtors' records. However, as noted above, the international process server advised Plaintiff that because Sugru was not registered as a business in England, service of process would likely be impossible.

Plaintiff learned that Sugru's website listed Sugru's full name as "FormFormForm Limited," which is a registered business entity in England. The Sugru website further reflected that the registered office and principal trading address were almost identical to the address in the Debtor's records. This information prompted Plaintiff to file the Amended Complaint against Form.

Finally, Plaintiff alleges Sugru will not be prejudiced by the Second Amended Complaint for three reasons: (i) with the exception of changing the defendant's name to Sugru, the Second Amended Complaint is identical to the Original Complaint and Amended Complaint; (ii) Sugru has had notice of the claim asserted in the Adversary Proceeding since at least September 25, 2015 (the date its counsel responded to Plaintiff's demand letter) and knew or should have known that the action would have been brought against it, but for the mistake in identity; and (iii) the Adversary Proceeding is still in its very early stages, as discovery has not commenced and mediation and trial have not been scheduled. Thus, Plaintiff contends Sugru may fully defend itself without having lost or compromised any of its rights.

**B.     Analysis**

Considering the foregoing arguments, the Court finds that Plaintiff has carried his burden to demonstrate entitlement to file the Second Amended Complaint and to have that filing relate back to the Original Complaint. The Plaintiff will be allowed to file the Second Amended Complaint because the Court finds no evidence of undue delay, bad faith, or dilatory motive. The demand letter requesting payment and the Original Complaint naming Sugru as a defendant placed Sugru on notice that the Plaintiff's action would have been brought against it, but for a mistake in identity. Moreover, the record

reflects that Sugru will not be prejudiced by the amendment. Finally, the amendment is not futile because the Second Amended Complaint sufficiently states claims for relief, subject of course to whatever substantive defenses Defendant may offer.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Plaintiff carried his burden to demonstrate his entitlement to relate back the proposed Second Amended Complaint. Accordingly, this Court will allow Plaintiff to file the Second Amended Complaint.

An appropriate order follows.

By the Court,

Dated: June 15, 2017

Brendan Linehan Shannon
Chief United States Bankruptcy Judge